**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MARK TIMOTHY HOOTEN, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| MACK CRAWFORD; and THE | : | |
| GEORGIA PUBLIC DEFENDERS | : | CIVIL ACTION NO. |
| STANDARDS COUNCIL, | : | 1:10-CV-1847-RWS |
| Defendants. | : | |

## ORDER

Plaintiff, presently confined in the Jones County Law Enforcement Center in Gray, Georgia, has filed this pro se civil rights action.  (Doc. 1).  The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.  For the purpose of dismissal only, Plaintiff's request for leave to proceed in forma pauperis (Doc. 2) is hereby **GRANTED**.

## I.    The Standard of Review for Screening Prisoner Civil Rights Actions

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either:  (1) is "frivolous, malicious, or fails

to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," not merely "conceivable"). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual

2

allegations); <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II.   <u>Discussion</u>

Plaintiff brings this action against the Georgia Public Defenders Standards Council and its director, Mack Crawford, alleging that they have "failed to appoint effective counsel" to represent him in his pending criminal proceedings.  (Doc. 1 at 2, 4).  Plaintiff admits that he has had appointed counsel throughout the proceedings, but contends that the attorneys have performed deficiently by, among other things, refusing to present his <u>pro se</u> motions.  (<u>Id.</u> at 2-3).  Plaintiff asks this Court to enjoin "the State of Georgia from continuing any form of criminal prosecution against [him] until knowledgeable effective counsel is appointed to" represent him.  (<u>Id.</u> at 6). Plaintiff also seeks declaratory and monetary relief.  (<u>Id.</u>).

Plaintiff may not maintain this action against the Georgia Public Defenders Standards Council because a state agency is not a person within the meaning of 42 U.S.C. § 1983.  <u>Edwards v. Wallace Cmty. Coll.</u>, 49 F.3d 1517, 1524 (11th Cir. 1995). The Eleventh Amendment bars a § 1983 action against a State and its agencies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief," unless the State or its agency has waived its Eleventh Amendment immunity

3

or has demonstrated, through affirmative conduct, its consent to be sued in federal court.  Stevens v. Gay, 864 F.2d 113, 115 & n.5 (11th Cir. 1989).  See Ga. Const., art. I, § II, para. IX (providing that "sovereign immunity extends to the state and all of its departments and agencies," and no waiver of sovereign immunity by the State legislature shall be construed to waive any immunity under the United States Constitution).  Additionally, Plaintiff's claim against Crawford appears to be premised upon a theory of respondeat superior, which is an insufficient basis for § 1983 liability.  Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008); Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  Plaintiff also could not bring this action against the individual public defenders who allegedly provided him ineffective assistance because a public defender does not act under color of state law when exercising independent professional judgment in representing a criminal defendant in a criminal case.  Polk County v. Dodson, 454 U.S. 312, 324 (1981).

Finally, this Court is precluded from interfering with the pending state prosecution.  "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."  Younger v. Harris, 401 U.S. 37, 43 (1971).  Absent "extraordinary circumstances, a federal court must abstain from deciding issues

4

implicated in an ongoing criminal proceeding in state court." <u>Thompson v. Wainwright</u>, 714 F.2d 1495, 1503 (11th Cir. 1983). If the relief sought "would create an undue interference with state [criminal] proceedings," it is generally prohibited by the <u>Younger</u> doctrine. <u>Green v. Jefferson County Commm'n</u>, 563 F.3d 1243, 1250 (11th Cir.), <u>cert. denied</u>, 130 S.Ct. 199 (2009).

There are three narrow exceptions to the <u>Younger</u> abstention doctrine, where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." <u>Hughes v. Attorney General of Florida</u>, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing <u>Younger</u>, 401 U.S. at 53-54). Plaintiff has alleged no facts to support a finding that this case should be excepted from the application of the <u>Younger</u> abstention doctrine.

## III.   <u>Conclusion</u>

Based on the foregoing, **IT IS HEREBY ORDERED** that the instant <u>pro</u> <u>se</u> civil rights action (Doc. 1) is **DISMISSED** for failure to state a claim.

AO 72A
(Rev.8/82)

**SO ORDERED** this  13th  day of July, 2010.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)